## In re GREGORY'S WILL.

County Judge's Court, Palm Beach County.

November 20, 1952.

Phillip D. O'Connell, West Palm Beach, for Ernest B. Walton, as executor of the estate of Kathryne I. Gregory, deceased.

Loren D. Simon, West Palm Beach, for Ernest B. Walton and Atlantic National Bank of West Palm Beach, as executors of the estate of John C. Gregory, deceased.

Robert L. Earnest, West Palm Beach, and Frederick J. Ward, Miami, for the executors of the estate of Sarah A. Hannahs, deceased.

Bert Winters and Harry W. Stewart, Jr., both of West Palm Beach, for David L. Gregory, et al.

Miller & Finney, Xenia, Ohio, for Ella L. Gregory, et al.

Mann, Harrison & Stone, St. Petersburg, for Albert Meigs Gregory, et al.

W. Terry Gibson, West Palm Beach, for St. Mary's Hospital.

Madison F. Pacetti, West. Palm Beach, for Y. M. C. A.

Wardlaw & Stewart and Kenneth I. Van der Hulse, all of West Palm Beach, for Good Samaritan Hospital.

Will A. Nason, West Palm Beach, for Pine Ridge Hospital.

Joe H. Lesser, West Palm Beach, for the Salvation Army.

RICHARD P. ROBBINS, County Judge.

This cause is before me on the petition and amended petition of Ernest B. Walton, as executor of the estate of Kathryne I. Gregory, deceased, for construction of the last will and testament of the said deceased and a determination of beneficiaries and heirs thereunder, and the answer and amended answer of David L. Gregory, et al; the answers of Ella L. Gregory; Edith Riggs Chenevert, et al; Albert Meigs Gregory and Wilbur Smith Gregory; Paul E. Gregory; Wayne G. Scott, et al; Bertha Hile Tarr, et al, all being grandnephews and grandnieces of John C. Gregory, deceased, husband of Kathryne I. Gregory; the answer of Good Samaritan Hospital Association; C. Hubert Derivaut and Bernard A. Reilly, as executors of the estate of Sarah A. Hannahs, deceased, sister of Kathryne I. Gregory; Pine Ridge Hospital, Inc.; St. Mary's Hospital, Inc.; the Salvation Army; and the answer of Ernest B. Walton and Atlantic National Bank of West Palm Beach, as executors of the estate of John C. Gregory, deceased.

John C. Gregory and Kathryne I. Gregory, his wife, were residents of New Jersey until 1932 when they moved to Palm Beach, where they resided continuously thereafter. Their New Jersey attorney prepared separate wills for them which were executed in Florida on May 8, 1941. In paragraph "Fourth (f)" of the will of John C. Gregory it was provided that upon the death of certain life tenants, or upon his death if he should survive them, his executor and trustee should—

> divide the balance of the residue equally among all of my own grand-nephews and grandnieces, which is to say, grandchildren of my brothers and sisters, who are living at the time of the death of the last surviving life tenant or at the time of my death if all of said life tenants shall have predeceased me.

> In the event that any of the above mentioned distributees shall not have arrived at the age of twenty-one years at the time when his or her right shall vest, then and in such event I do hereby direct that my executor and trustee shall retain the share of such minor issue and pay the income to the maintenance and support of such minor and distribute the corpus to each cestui on arrival at the age of twenty-one (21) years.

Kathryne I. Gregory provided in her will, executed on the same day as the aforesaid will of her husband, as follows—

*Fifth*: I hereby give, devise and bequeath unto my beloved husband, John C. Gregory, all the rest and residuum of my estate, whether real, personal or mixed, of whatsoever kind or description and wheresoever situate.

*Sixth*: In the event that my beloved husband, John C. Gregory, shall predecease me, I hereby direct that my executor and trustee hereinafter named shall distribute the residuum of my estate as follows:

(A) If the estate of my beloved husband has not yet been distributed and is still in existence, my executor and trustee hereinafter named is to transfer the said residuum to the executor and trustee of the said estate of my beloved husband for the purpose of having said executor of my husband distribute the said residuum as part of the estate of my husband according to the terms and conditions of the will of my said husband. Said transfer, to be made without changing the form of any of the terms comprising said residuum. Rights, however, shall vest as of the time of my death.

(B) In the event that complete distribution has been made of my husband's estate except as to the provisions of Fifth (g) 2 pertaining to separate trust funds for minor grandnieces and grandnephews, then I do hereby direct my executor and trustee to convert the residuum of my estate into cash for distribution within one year after my death, it being my wish that this period of one year be afforded to my executor and trustee in order to give him sufficient time to prepare the residuum for distribution and to properly locate and identify the distributees.

It is to be noted that neither of the aforesaid wills of Kathryne I. Gregory or John C. Gregory contains a clause designated as (g) 2. According to the testimony of the attorney who drafted them—"It is not a reference, it is a mistake."

On April 15, 1947 Kathryn I. Gregory was adjudicated an incompetent by the county judge of Duval County, Florida, and thereafter on May 5, 1947 a guardian of her estate was appointed by the county judge of Palm Beach County.

On June 26, 1947 and February 18, 1948 John C. Gregory executed codicils to his will of May 8, 1941, but neither of the codicils in any way affected the provisions of the aforesaid paragraph "Fourth (f)" of said will. On May 15, 1948, however, he executed his last will and testament, which has been probated and under the terms of which the executors are administering his estate. By the provisions of paragraph "Seventh (f)" of this will Mr. Gregory directed his executor and trustees to distribute the residuum of his estate as follows—

Paragraph Seventh: * * * *

(1) One-half shall be divided equally among all of my grandnephews and grandnieces, which is to say, grandchildren of my brothers and sisters, who are living at the time of the death of the last surviving life tenants, or at the time of my death, if all said tenants shall have predeceased me. * * *

(2) One-half to be equally divided among the following institutions:

(a) St. Mary's Hospital, Inc., a corporation not for profit, organized and existing under the laws of the State of Florida, and located at West Palm Beach, Florida.

(b) Pine Ridge Hospital, Inc., a corporation not for profit, organized and existing under the authority of the laws of the State of Florida and located at West Palm Beach, Florida.

(c) The Salvation Army, a corporation authorized and existing under the laws of the State of Georgia, and which money shall be used solely for its work in West Palm Beach, Florida, and if a building program is still active, then to be used in said building program.

(d) Young Men's Christian Association of the Palm Beaches, a corporation not for profit, organized and existing under the laws of the State of Florida, to be used in their building program, in the event the building program is still active and in the event the building program is not active the unused portion thereof shall be used to set up an endowment fund and the income therefrom to be used in the work of the Young Men's Christian Association of the Palm Beaches.

(e) Good Samaritan Hospital Association, a corporation not for profit, organized and existing under the laws of the State of Florida and located in West Palm Beach, Florida.

and further in the provisions of said paragraph he provided that, in the event any or all of the charitable organizations could not take under the will or the provisions of the paragraph should lapse for any reason, then it should be divided equally among all of his grandnephews and grandnieces.

John C. Gregory died on January 9, 1950, and his estate is still being administered by his executors. He predeceased his wife, Kathryne I. Gregory, who died on November 28, 1950, and whose estate is being administered under the terms of the will being hereby construed.

On August 15, 1951 Sarah A. Hannahs, sister and sole surviving heir-at-law of Kathryne I. Gregory, died and her estate is being administered by her executors who qualified in the surrogate's court of Essex County, New Jersey. These executors contend that while the testatrix Kathryne made a valid bequest of the residuum of her estate to her husband John, the devisee John

having died before the testatrix such bequest lapsed because there was no substitution of the residuum devisee—as no devise was made to the executor and trustee of the rest, residue and remainder, hence he took nothing and the residuum reverts to Sarah A. Hannahs, sole surviving heir-at-law of Kathryne I. Gregory.

Section 731.20, Florida Statutes 1951, provides in part, as follows:

> If a devisee or legatee dies during the lifetime of the testator, the testamentary disposition to such devisee or legatee lapses, unless an intention appears from the will to substitute another in his place, * * *

The grandnephews and grandnieces claim the entire residuum of the estate of Mrs. Gregory under the theory of incorporation by reference. They contend that because the wills of May 8, 1941 were prepared by the same attorney and because Mrs. Gregory was present with Mr. Gregory when they jointly gave instructions for the drafting thereof, the will to which she had reference and which could carry out her intentions is the 1941 will of Mr. Gregory—the subsequent codicils and will of 1948 were not in existence at the time of the execution of her will and could not, therefore, be incorporated by reference.

The position taken by Good Samaritan Hospital Association and the other charitable organiaztions named in the residuary clause of the will is that the doctrine of incorporation by reference is not involved because the sixth paragraph of Mrs. Gregory's will directs that the residuum of her estate be transferred to the executor and trustee of her husband's estate, to be distributed by them according to the terms and conditions of his will—that this must be construed to mean his last will and constitutes a valid bequest to such executor and trustee. After due consideration of the evidence, the able argument of counsel and their exhaustive briefs on the points of law, I have reached the same conclusion.

There is authority to sustain the rule that the executor of one estate may be named as the residuary devisee of the estate of another, and there are cases which support bequests to the estate of one dying during the testator's lifetime.

It seems evident to me that Mrs. Gregory wanted the residuum of her estate to pass under her husband's will to whomsoever he might designate.

I am of the opinion that the direction to her executor to transfer the residuum of her estate to the executor and trustee of her husband's estate if he should predecease her constitutes such a substitution as will prevent the devise from lapsing under the statute.

One of the general principles governing the construction of wills laid down in the second edition of Redfearn on Wills and Administration of Estates in Florida, page 192, is as follows:

*Twelfth.*—Intestacies are not favored in construing wills. If the terms of a will are such as to permit two constructions, one of which results in intestacy and the other of which leads to valid testamentary disposition, the construction is preferred which will prevent intestacy.

The reference to "the provisions of Fifth (g) 2" of her husband's will does not identify his will of 1941 as there is no such paragraph. The principle of incorporation by reference implies that the document referred to shall become a part of the will of the testator. Such is not the case here. Mrs. Gregory directed her executors to transfer the residuum of her estate to the executor and trustee of her husband's estate to be distributd by them under the terms of his will. The Supreme Court of West Virginia in Arnett v. Fairmont Trust Co., 73 S. E. 930, quotes Redfield on Wills, vol. 2, 2d ed., at page 409, as follows—

And it seems that bequests to the executors, etc. of any person, will make the estate a portion of the estate of such person in the fullest sense, so that it will be subject to the disposition of the will of such person, notwithstanding such person may die before the testator.

It is therefore ordered, adjudged and decreed that the residuum of the estate of Kathryne I. Gregory be transferred by the executor and trustee, Ernest B. Walton, to the said Earnest B. Walton and Atlantic National Bank of West Palm Beach, as executors of the estate of John C. Gregory, deceased, to be distributed as a part of the estate of John C. Gregory and in accordance with the terms and provisions of the last will and testament of John C. Gregory dated May 15, 1948.

It is further ordered, adjudged and decreed that the residuary legatees entitled to receive the residuum of the estate of John C. Gregory, deceased, under paragraph Seventh (f) 1, 2, a, b, c and d, of his last will and testament are as follows:

One-half of the residuum of said estate shall be divided equally between the 60 grandnephews and grandnieces whose names and addresses are set forth in the addendum attached; and the remaining one-half of the residuum of said estate shall be divided equally among the following institutions: St. Mary's Hospital, Inc.; Pine Ridge Hospital, Inc.; the Salvation Army; Young Men's Christian Association of the Palm Beaches; and Good Samaritan Hospital Association—the addresses of which will be found in the addendum attached.